ALVARADO, DEMANDANTE Y APELADO, *v.* TORRES ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre reivindicación.

No. 2470.—Resuelto en febrero 6, 1922.

REIVINDICACIÓN—DOBLE VENTA DE FINCA NO INSCRITA—CONTRATO VÁLIDO.—Probado que el demandado en reivindicación hizo un compromiso de compra de la finca en disputa, que tomó posesión de la misma y entregó parte del precio al vendedor con anterioridad a la venta que hiciera éste por escritura pública de la misma finca al demandante, debe concluirse: que el hecho de que el demandado no ostente título escrito no impide declarar que se trata de una doble venta, porque los contratos son válidos cualquiera que haya sido la forma de su celebración, por lo que es de aplicación el principio de que el primero en tiempo es primero en derecho.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sr. F. Navarro Ortiz* y *C. Domínguez Rubio.*

Abogado del apelado: *Sr. M. Guzmán Texidor.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En las dos cortes donde fué oído este caso el demandante y primitivo demandado alegaban cada uno ser dueño de cierta propiedad adquirida de Domingo Martínez, a quien subsiguientemente se hizo parte en el pleito.

La Corte Municipal de Cayey, donde fué establecida la acción, resolvió que el demandado Basiliso Torres se hallaba legalmente en posesión de la finca a virtud de un contrato

de compraventa y que el contrato era obligatorio entre las partes cualquiera que fuese la forma en que se hubiere hecho, a tenor de lo preceptuado en el artículo 1245 del Código Civil.

En apelación la Corte de Distrito de Guayama declaró probado, entre otras cosas, que los hechos no constituían un caso de doble venta en que se habían otorgado dos escrituras, traspasándose así el título a dos personas diferentes, sino más bien un compromiso de venta en el cual se dió dinero a cuenta pero respecto al cual el contrato no se había perfeccionado, toda vez que no se había pagado el total de la deuda (*sic*), ni otorgado el título de compraventa, dictando la corte sentencia a favor del demandante.

Alega el apelante varios fundamentos de error, pero el apelado, como ocurre con marcada frecuencia, no ha radicado alegato.

La primera serie de errores alegados por el apelante se refiere a la cuestión de jurisdicción de la corte de distrito, toda vez que Domingo Martínez no fué debidamente notificado de la apelación contra la sentencia de la corte municipal. Tenemos la idea de que el vendedor Domingo Martínez era parte adecuada, pero no necesaria para resolver el conflicto existente entre las dos personas que se supone compraron a él, pero como el caso ha de revocarse por otros fundamentos y no estamos satisfechos con la argumentación respecto a este particular del caso, no resolveremos en definitiva si tal vendedor es parte necesaria en un pleito como el presente.

En el juicio apareció que el demandado Basiliso Torres Laborde hizo un compromiso de compra a Domingo Martínez y dicho Torres pagó $315 a cuenta de dicha venta y entró en posesión de la propiedad; que el compromiso de venta así como el hecho de entrar en posesión tuvieron lugar con anterioridad a la supuesta venta al demandante.

No estamos conformes con la corte de distrito, y sí lo estamos con la corte municipal. Una venta entre partes es perfectamente válida en cualquier forma en que haya sido hecha de acuerdo con el artículo 1245 del Código Civil, en armonía con las decisiones de esta corte en los casos de *Torres* v. *Pons,* 24 D. P. R. 462; *Boneta* v. *Boneta,* 27 D. P. R. 690; *Cintrón* v. *Fernández,* 22 D. P. R. 483; *Rosado* v. *Rosado,* 17 D. P. R. 478; y las sentencias ·de la Corte Suprema de España de fechas octubre 19, 1901, julio 1, 1901 y mayo 11, 1903. El juicio demostró una doble venta y el muy conocido principio legal que aquél que es primero en tiempo es primero en derecho, es de aplicación.

Debe revocarse la sentencia apelada y dictarse otra a favor del demandado Basiliso Torres.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.